# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
V.
ROBERT FLANAGAN
JOSEPH BASEL
JAMES O'KEEFE
STAN DAI

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

Case Number: 10-12

U. S. DISTRICT COURT
Eastern District of Louisiana
FILED JAN 25 2010
LORETTA G. WHYTE
Clerk

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __1/25/2010__ (Date) in __Orleans Parish__ County, in the __Eastern__ District of __Louisiana__ defendant(s) did,

(Track Statutory Language of Offense)

by false and fraudulent pretense enter and attempt to enter real property belonging to the United States of America with the intent to commit a felony: to wit, willful and maliciou interference with a working and use of a telephone system operated and controlled by the United States;

in violation of Title __18__ United States Code, Section(s) __1036(a)(1), 1362, and 2__.

I further state that I am a(n) __Special Agent/FBI__ (Official Title) and that this complaint is based on the following facts:

See Attached Affidavit

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_____
Signature of Complainant

STEVEN RAYES
Printed Name of Complainant

Sworn to before me and signed in my presence,

__1-25-10__ at __New Orleans__, __LA__
Date                    City          State

__Daniel E Knowles__  __U.S. Mag. Judge__         _____
Name of Judge         Title of Judge              Signature of Judge

# AFFIDAVIT

I, Steven Rayes, being duly sworn, do hereby depose and state:

1) I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) in New Orleans, Louisiana, and have been so employed in that capacity for approximately 6 years, and I have been employed in various positions within law enforcement for approximately 19 years. I am currently assigned to the Violent Crime Squad, and my duties include the investigation of federal crimes such as bank robberies and flight from prosecution ("fugitives"), all within the Eastern District of Louisiana.

2) On January 25, 2010, individuals entered and attempted to gain entrance to the office and telephone system of United States Senator Mary Landrieu, located in the Hale Boggs Federal Building, Room 1005, 500 Poydras Street, New Orleans, Louisiana 70130 for the purpose of interfering with the office's telephone system. The individuals did so by falsely and fraudulently representing that the were employees of a telephone company. Witnesses in and around the office identified the individuals as JOSEPH BASEL and ROBERT FLANAGAN. Subsequent investigation determined that JAMES O'KEEFE and STAN DAI aided and abetted FLANAGAN and BASEL in the execution of the plan.

3) Senator Landrieu's New Orleans office is located in the Hale Boggs Federal Building, Room 1005, 500 Poydras Street, New Orleans, Louisiana 70130. The Hale Boggs Federal Building, including the office of Senator Landrieu, is owned and operated by the United States of America and managed by the United States General Services Administration (hereinafter "GSA").

4) On or about January 25, 2010, at approximately 11:00 a.m., FLANAGAN and BASEL entered the Hale Boggs Federal Building, each dressed in blue denim pants, a blue work

shirt, a light fluorescent green vest, a tool belt, and carrying white, construction-style hard hat. BASEL and FLANAGAN went to the tenth floor of the building and entered the office of Untied States Senator Mary Landrieu. According to WITNESS 1, a member of Senator Landrieu's staff who was working in her New Orleans office at the time of the incident, JAMES O'KEEFE was already present in the office. O'KEEFE informed WITNESS 1 that he was waiting for someone to arrive.

5) WITNESS 1 stated that upon entering Senator Landrieu's office, FLANAGAN and BASEL represented to her that they were repair technicians from the telephone company and were there to fix problems with the telephone system. WITNESS 1 stated that they were each wearing a white, hard construction hat, a tool belt, a fluorescent vest, and denim pants and tops. WITNESS 1 further stated that when FLANAGAN and BASEL entered the office, O'KEEFE positioned his cellular phone in his hand so as to record FLANAGAN and BASEL.

6) BASEL requested to be given access to a telephone in the office, and WITNESS 1 allowed him access to the main telephone at the reception desk. WITNESS 1 observed BASEL take the handset of the phone and manipulate it. BASEL also tried to call the phone with a cellular phone in his possession. He stated that he could not get through. Soon thereafter, FLANAGAN used a cellular phone in his possession to call the phone that BASEL held in his hand.

7) Thereafter, FLANAGAN and BASEL told WITNESS 1 that they needed to perform repair work on the main telephone system and asked for the location of the telephone closet. WITNESS 1 directed FLANAGAN and BASEL to the main GSA office, located on the tenth floor of the Hale Boggs Federal Building. Both men went to the GSA office.

8) FLANAGAN and BASEL spoke with WTINESS 2, a GSA employee working the

GSA office, and represented that they were employees of the telephone company and needed access to the telephone closet to perform repair work. WITNESS 2 asked the men for credentials, and FLANAGAN and BASEL stated that they had left their credentials in their vehicle.

9) Further investigation has determined that neither FLANAGAN nor BASEL are employed by any telephone company, and that neither individual is a telephone repairman.

10) Subsequently, FLANAGAN and BASEL have admitted to federal agents that they were not telephone repairmen and that they entered the office of Senator Landrieu under false pretenses. O'KEEFE and DAI have also admitted to federal agents that worked with FLANAGAN and BASEL in the planning, coordination, and preparation of the operation. O'KEEFE further admitted to recording FLANAGAN and BASEL inside of Senator Landrieu's office.

11) Based on the above information, your Affiant believes there is probable cause to believe that FLANAGAN and BASEL by false and fraudulent pretense attempted to enter, and did in fact enter, real property belonging to the United States for the purpose of willfully and maliciously interfering with a telephone system operated and controlled by the United States of America. Your Affiant further believes that FLANAGAN and BASEL were aided and abetted

by O'KEEFE and DAI to commit the entry for the purpose of interfering with the telephone system on January 25, 2010; all in violation of Title 18, United States Code, Sections 1036, 1362 and 2.

Steven Rayes
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence, at New Orleans, Louisiana, on this 25th day of January, 2010.

Daniel E. Knowles, III
United States Magistrate Judge